Charles Hilt, Appellee, v. H. R. Heimberger, Administrator of the Estate of Joseph Hilt, deceased, et al., Appellants,

and

Henry Hilt, Appellee, v. H. R. Heimberger, Administrator of the Estate of Joseph Hilt, deceased, et al., Appellants.

1. CHANCERY—*when may grant new trial at law.* If one, without fault on his part, be led into such misunderstanding as clearly to evidence excusable neglect and is thereby prevented from making a defense to a suit at law, although he has in fact been served with process, a court of equity may grant to him a new trial, upon reasonable terms, where it appears that there is a meritorious defense which he in good faith purposes to make.

Bills in chancery. Appeal from the Circuit Court of Madison county; the Hon. CHAS. T. MOORE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

B. G. WAGGONER and E. B. GLASS, for appellants.

WARNOCK, WILLIAMSON & BURROUGHS, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

The two cases above entitled are exactly alike in every material respect. By agreement of parties, the causes were tried together in the Circuit Court, each party reserving the right to introduce any and all evidence applicable to either of said causes, the same as if tried separately. By a further agreement, the causes are "to be heard together in this court, except that a separate decree may be entered in each case."

These were bills in chancery in the Circuit Court of Madison county by appellees, respectively, against appellants, to set aside and vacate certain defaults and judgments at law, entered and rendered against appellees, respectively, at the May term, 1906, of said court, and for leave to plead, and to defend said suits;

and for an injunction restraining appellants from levy and sale pending this suit.

Appellees are brothers and sons of Joseph Hilt, deceased, whose estate was being administered by appellant, Heimberger. During his lifetime Joseph Hilt had deeded to appellees and their brother Stephen a farm of 100 acres. This the sons claimed was a gift. After the death of the father, appellant Heimberger as administrator set up the claim that the farm was not a gift to appellees and their brother Stephen, but that they had bought it from their father for the sum of $5,000, to be paid by them in equal parts to his estate after his death, and on the fifth day of May, 1906, filed a bill in chancery in the Circuit Court of Madison county against appellees and Stephen to establish and enforce a vendor's lien upon said land for said sum as the purchase price. Ten days after the filing of this bill said appellant instituted in the same court a separate suit in *assumpsit* against each of appellees, and filed with the declaration, which consisted of the common counts, the affidavit of his attorney that the demand of the plaintiff was "for one-third share of the purchase price of the farm land, personal property appropriated or purchased, and for money loaned,  *  *  *  and that there is, as affiant is informed and believes, due to the plaintiff, as administrator of Joseph Hilt, deceased, from defendant, after allowing to him all just credits, deductions and set-offs, the sum of fifteen hundred dollars." On the day the *assumpsit* suits were commenced the summonses in those cases and in the chancery case were all delivered at once to a deputy sheriff to serve. Appellees had heard of the filing of the bill in the chancery suit and were expecting to be served with summons in that case, but had no intimation that any suits at law had been or would be instituted against them. The deputy sheriff found both appellees in the Circuit Court room at Edwardsville, where they were in attendance as defendants in a suit there on trial, and while the trial was in progress the deputy went

to them separately in court, and in a low voice read the summonses, and handed to each of them a copy of the one in the chancery suit, which each understood to be the only summons that had been served upon him. The deputy sheriff made formal return of due service of all the summonses. Appellees at once employed counsel to defend the chancery suit, but they had no knowledge of the pendency of the suits at law, and, of course, made no defense.

On June 20th a default was entered in each case, and on June 26th judgment was entered for $1,500, with costs, against each. On June 29th, after the May term of court had adjourned, appellant caused executions to issue in each case, and caused levies to be made. This was the first notice or knowledge that either of appellees actually had of the existence or pendency of said suits at law, and they each make a strong showing of the existence of a meritorious defense to the entire demand.

The trial court rendered a decree in each case in accordance with the prayer of the bill, setting aside the default and judgment, and allowing appellees to come in and defend, upon their paying all the costs in each of these cases and all the costs that had accrued in each of the law cases up to the date of rendering the decrees in these cases.

We are of opinion that the decrees of the Circuit Court were just and proper decrees to be entered in these cases.

If one without fault on his part be led into such misunderstanding as clearly to evidence excusable neglect and is thereby prevented from making a defense to a suit at law, although he has in fact been served with process, a court of equity may grant to him a new trial, upon reasonable terms, where it appears that there is a meritorious defense which he in good faith purposes to make.

The decree of the Circuit Court in each of the cases is affirmed.

*Affirmed.*